UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY FIORE                        ,   §
                                         §
           Petitioner,                   §         **04-12707DPW**
                                         §
    vs.                                  § Civil Action No._____
                                         §
DAVID L. WINN, WARDEN,                   §         RECEIPT # _61031_
                                         §         AMOUNT $ __5.00__
           Respondent.                   §         SUMMONS ISSUED __-__
                                                   LOCAL RULE 4.1 __-__
PETITION FOR WRIT OF MANDAMUS AND/OR HABEAS        WAIVER FORM __-__
CORPUS, AND AUTHORITY IN SUPPORT THEREOF,          MCF ISSUED __-__
BROUGHT PURSUANT TO TITLE 28, UNITED STATES        BY DPTY. CLK. __M.P.__
CODE, SECTIONS 1361, AND 2241                      DATE __12/28/04__

    Petitioner, <u>Anthony Fiore</u>, appearing <u>pro se</u>, and files this petition for a writ of mandamus, and/or writ habeas corpus, pursuant to 28 U.S.C.§§1361 and 2241, to compel the Federal Bureau of Prisons to calculate his federal sentence of imprisonment in accordance with the express provisions of 18 U.S.C.§3624(b), and would show the Court as follows:

I. BACKGROUND.

    Petitioner was sentenced to a <u>20</u> year term of imprisonment on <u>May 13, 1992</u> in the United States District Court for the <u>District of Rhode Island</u>. Petitioner is presently serving out that sentence at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"). Inasmuch as petitioner has been sentenced to a term of imprisonment of more than one year, in accordance with the provisions of 18 U.S.C.§3624(b), he is entitled to a credit of 54 days per year for good behavior. However, the Federal Bureau of Prisons has established a policy for implementing §3624(b), and that policy -- 28 C.F.R.§523.20 and Bureau of Prisons Program Statement 5880.28 -- materially undermines §3624(b).

Petition for Writ of Mandamus Habeas Corpus, 28 U.S.C.§§1361 and 2241, Page 2.

Stephen Gagnon, Inmate Systems Manager at FMC Devens has, consistent with 28 C.F.R.§523.20 and P.S. 5880.28, has declined to award prisoners at FMC Devens a full 54 days credit for each year of their respective sentences (imposed). see, Attachment. Rather, Mr. Gagnon only allots credit for time actually served. Id. Such a practice, however, runs afoul of a plain reading of §3624(b) and the Congressional intent underlying that statute. Consequently, a writ should issue.

## II. SUBJECT MATTER JURISDICTION.

Petitioner brings this action pursuant to both 28 U.S.C.§§1361 and 2241. Section 2241 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody for violating a federal criminal statute. Maleng v. Cook, 490 U.S. 488, 493 (1989); Ralston v. Robinson, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981); see also, Monahan v. Winn, 276 F.Supp.2d 196, 203 (D.Mass. 2003). Accordingly, this matter is properly brought pursuant to 28 U.S.C.§2241, inasmuch as petitioner seeks the court's intervention in correcting the manner in which his sentence is being computed.

Section 1361 is clear on its face, and grants the district court "original jurisdiction [over] any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C.§1361. At least one circuit has recognized jurisdiction under §1361 over petitions of federal prisoners challenging determinations governing the execution of sentences. Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2nd Cir. 1976).

Case 1:04-cv-12707-DPW    Document 1    Filed 12/28/2004    Page 3 of 14

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 3.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

Countless prisoners at FMC Devens have attempted to have their sentences re-computed in a manner consistent with 18 U.S.C.§3624(b). However, all of such efforts have been fruitless, and were categorically denied. see, Attachment.

It is true that administrative remedies ordinarily must be exhausted before filing a habeas petition pursuant to 28 U.S.C.§2241. However, failure to exhaust may be excused when any of the following circumstances apply: "(1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be 'futile'; and (4) in certain instances [when] a plaintiff has raised a 'substantial constitutional question.'" Guitard v. United States Secretary of navy, 967 F.2d 737, 741 (2nd Cir. 1991). In any event, the exhaustion requirement for §2241 petitions is prudential, not statutory, unlike habeas corpus petitions filed pursuant to 28 U.S.C.§2254. See, Arango Marquez v. I.N.S., 346 F.3d 892, 897 (9th Cir. 2003).

There can be no question that exhaustion of administrative remedies, pursuant to 28 C.F.R.§542.15, would be futile. Notwithstanding a recent district court opinion finding that the Bureau of Prisons' method of calculating good conduct time, pursuant to 18 U.S.C.§3624(b), is erroneous, See, White v. Scibana, Docket No. 03-C-581-C (W.D. Wisconsin)(Crabb, J.), a copy of which is annexed hereto, the Bureau of Prisons maintains their method of calculating good conduct time credits. Thus, exhaustion is necessarily excused.

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 4.

II. ARGUMENTS.

> PETITIONER IS ENTITLED TO THE ISSUANCE
> OF BOTH A WRIT OF MANDAMUS AND HABEAS
> CORPUS, ON THE GROUNDS THAT THE BUREAU
> OF PRISONS REFUSES TO ALLOT HIM A FULL
> 54 DAYS PER YEAR (GCT) FOR EVERY YEAR
> OF THE SENTENCE IMPOSED UPON HIM, AS
> DIRECTED BY CONGRESS THROUGH THE
> ENACTMENT OF THE SENTENCE REFORM ACT
> OF 1984 (i.e., 18 U.S.C.§ 3624(b))

Section 3624(b), which was enacted as part of the Sentence Reform Act of 1984, provides, in pertinent part, as follows:

> (b) Credit toward service of sentence for
> satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner
> serving a term of imprisonment of more
> than 1 year....may receive credit toward
> the service of the prisoner's sentence,
> beyond the time served, of up to 54 days
> at the end of each year of the prison-
> er's term of imprisonment, beginning at
> the end of the first year of the term...

18 U.S.C.§3624(b).

The Bureau of Prisons has promulgated a regulation interpreting this provision as awarrding good time credit on the basis of "each year served." 28 C.F.R.§523.20; Scibana, supra., at 4. Thus, the Bureau of Prisons has equated "term of imprisonment" to "time actually served". Such an equation, however, is a strained reading of the statute, and a complete distortion of the congressional intent underlying §3624(b). Specifically, Senator Joseph Biden, a co-author of the Comprehensive Crime Control Act of 1984, which was included within the Sentence Reform Act of 1984, made it clear that Congress, in enacting the Act, intended to give inmates good time credit of up to 15% of their sentences. See, 141 Cong.Rec. S2348-01 (2/9/95); 140 Cong.Rec. S12314-01, S12350 (8/23/94).

In <u>Scibana</u>, supra., the district court held that the statements of Senator Biden were limited in their probative value inasmuch as they were issued "well after §3624 was enacted." <u>Scibana</u>, at 11 (citing <u>Sullivan v. Finkelstein</u>, 496 U.S. 617, 628 n.8 (1990)). Notably, on November 1, 1990, the U.S. Sentencing Commission updated Chapter 1, Part A(3) of the Federal Sentencing Guidelines Manual, to "reflect the implementation of guideline sentencing on November 1, 1987." <u>see</u>, U.S.S.G. Appendix C, Amendment 307 (eff. November 1, 1990). In so updating Chapter 1, Part A(3) "The Basic Approach (Policy Statement)", the Sentencing Commission observed that "the abolition of parole makes the sentence imposed by the court the sentence the offender will serve, <u>less approximately fifteen percent for good behavior</u>." U.S.S.G. Ch. 1, Pt. A(3) (emphasis added) This observation clearly supports the statements made by Senator Biden, and was made several years prior thereto.

The current Bureau of Prison policy for computing good conduct time effectively requires all federal prisoner's sentence under the Sentence Reform Act to serve approximately ∠13% of their sentences -- a far cry from the 15% intended by Congress, as observed by the Sentencing Commission less than three years after the sentencing guidelines, and §3624(b), went into effect. Consequently, any system of calculating good conduct time that does not comport with that of Congress is both unconstitutional, and entitled to zero deference.

Petition for Writ of Mandamus/Habeas
Corpus, 28 U.S.C.§§1361 and 2241, Page 6.

The Bureau of Prisons' current policy of calculating good conduct time credit only permits an allowance fifty-four days for every year "actually served". The result is that a prisoner serves approximately ⊄13% of his sentence, when Congress intended that a prisoner would serve approximately ⊄15%. Both a writ of mandamus and/or habeas corpus is necessary to rectify this problem.

It is well settled that courts should accord "substantial deference" to an agency's reasonable interpretation of a statute Congress has charged it with administering. Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984)(emphasis added). One reason for deferring to the interpretation of the administering agency is that that agency has special expertise that may make its construction especially persuasive. See, Skidmore v. Swift & Co., 323 U.S. 134, 139 (1944); United States v. Mead Corp., 533 U.S. 218, 234-35 (2001). The Supreme Court has recognized that a level of deference below that required in Chevron applies when the statute does not indicate that Congress meant to delegate authority to the agency to issue rulings with the binding force of law. In such circumstances, agency interpretations "are not controlling upon courts by reason of their authority," Skidmore, 323 U.S. at 140, but courts nonetheless owe them "some deference." Reno v. Koray, 515 U.S. 50, 61 (1995); see also, Mead, 533 U.S. at 234. In Koray, the Court concluded that a BOP internal agency guideline was entitled to this lesser standard of deference. Koray, 515 U.S. at 61. Inasmuch as the BOP's interpretation of §3624(b) starkly contrasts the statute's plain meaning and intent, deference is inappropriate.

Petition for Writ of Mandamus, Habeas Corpus, 28 U.S.C. §§1361 and 2241, Page 7.

## V. CONCLUSION.

Petitioner, having demonstrated that the Bureau of Prisons' interpretation of 18 U.S.C. §3624(b) is contrary to that statute's plain meaning, and the Congressional intent underlying same, seeks the issuance of: (1) a writ of mandamus, compelling the respondent to re-compute his sentence, and award him good conduct time credits totalling fifty-four days for each year of the "sentence imposed", consistent with the holding of the district court in White v. Scibana, a courtesy copy of which is annexed hereto; and/or (2) a writ of habeas corpus, directing the same.

WHEREFORE, PREMISES CONSIDERED, petitioner prays that this Court will grant this petition, in its entirety.

Dated: Ayer, Massachusetts

DEC, 23, 2004

Respectfully submitted,

Name Anthony Fiore

Reg. No. 09682-158
Federal Medical Center
P.O. Box 879
Ayer, Massachusetts 01432

## VI. VERIFICATION

I, Anthony Fiore, do hereby declare, and affirm under the penalties of perjury, and pursuant to 28 U.S.C. §1746, that the foregoing is true and correct to the best of my knowledge, belief and recollection.

Petitioner

Ap 20, 2001
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT WHEN APPEALING UDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Fiore, Anthony   REG. NO.: 09682-158   UNIT: J-A

DATE BP-9 REQUESTED: 7-16-04

DATE BP-9 ISSUED    : 7-16-04

DATE BP-9 RETURNED  : _____

INMATE'S COMPLAINT:
FMC Devens has not recalculated my Good Time with respect to the provisions of 18 U.S.C. 3624 (B) and the ruling of White vs. Scibina.

RELIEF REQUESTED:
In accordance with the recent ruling of White vs. Scibana and the provisions of 18 U.S.C. 3624 (B), I'm requesting that my Good Time be recalculated and that I be afforded the proper adjustments with respect to my good time.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:
Upon review of your complaint, it has been determined that it cannot be informally resolved at this level. Please submit your complaint in a BP-229, Request For Administrative Remedy Form.

CORRECTIONAL COUNSELOR: _____   DATE: 07-16-2004

UNIT MANAGER'S COMMENTS/ASSISTANCE:

noted.

UNIT MANAGER: V. Fernandez   DATE: 7/16/04

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

7.16.04 306

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __FICRE, ANTHONY__  __09682-158__  __J-A__  __F.M.C. DEVENS__
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

WITH RESPECT TO THE RECENT RULING OF WHITE VS. SCIBANA I AM REQUESTING THAT THE PROPER ADJUSTMENTS BE MADE TO RECALCULATE MY GOOD TIME IN ACCORDANCE WITH THE PROVISION'S OF 18 U.S.C. 3624-B. ALSO, IF DENIED I'LL LIKE TO USE SUCH REPLY AS SHOW CAUSE, TO EXHUSTING MY ADMINISTRATIVE REMEDY PROCEDURE, ONCE ALL LEVEL'S ARE COMPLETED.

__7/19/04__                                __[signature]__
DATE                                        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                          _____
DATE                                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

                                               CASE NUMBER: _____
**Part C- RECEIPT**

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #345538-F1**

This is in response to your Request for Administrative Remedy wherein you request that your Good Conduct Time (GCT) be recalculated in accordance with the provisions of 18 U.S.C. 3624(B).

Section 3624(b) states in pertinent part: ...a prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term....credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

The Bureau has implemented the language of 3624(b) by promulgation of policy 28 CFR 523.20 and P.S. 5880.28, Sentence Computation Manual (CCCA of 1984). The Bureau has interpreted section 3624(b) to permit the Bureau to award GCT only for time actually served rather than on the time imposed. This interpretation has been upheld in two judicial circuits.

Based on the above information, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of the date of this response.

_____
David L. Winn, Warden

8/2/4
Date

DEV/LG
04/06/04

U.S. Department of Justice

*ISSUED 8-6-04*

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __FIORE, ANTHONY__   __09682-158__   __J-A__   __F.M.C. DEVENS__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

BASED ON THE RESULT'S OF MY BP-8 AND BP-9 I AM NOT SATISFIED WITH THE RESULTS, AND REQUEST THAT THIS MATTER BE REVIEWED MORE THOROUGHLY, AND THAT THIS FACILITY ( F.M.C. DEVENS ) FIND IT'S ERROR WITH THE LANGUAGE OF ( 3624 - B ) POLICY 28 CFR 523.20 AND P.S. 5880.28 AND ACTIVELY RESPECT AND CORRECT COMPUTATION WITH THE RECENT RULING OF WHITE VS. SCIBANA.
    " SEE ATTACHMENTS."

__8-9-04__
DATE                                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**




_____
DATE                                         REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _____

**Part C—RECEIPT**
                                             CASE NUMBER: _____
Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

FIORE, Anthony
Reg. No. 09682-158
Appeal No. 18535-R1
Page One

---

## PART B - RESPONSE

In your appeal, you state your good conduct time (GCT) is being calculated incorrectly. You believe 18 U.S.C. § 3624(b) allows you to earn 54 days of GCT per year of your sentence as imposed. As relief, you request recalculation of your GCT.

A review of your appeal has revealed that you are serving a sentence of 15 years imposed on May 13, 1992, for offenses you committed on March 29, 1991. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following. "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with ... institutional regulations.... Credit for the last year or portion of a year of the term of imprisonment shall be prorated...." The interpretation of § 3624(b) by the Bureau in Program Statement 5880.28, Sentence Computation Manual CCCA, Pages 1-40 and 1-41 mirrors the statute: and states: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The statute requires credit after the actual service of a year. The Bureau reasonably interpreted this part of the statute to require properly awarded 54 days GCT be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then the Bureau would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment. The institution correctly determined your eligibility for GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: September 9, 2004

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: PIORE, ANTHONY    09682-158    J-A    F.M.C. DEVENS
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**    I AM TOTALLY DISSATISFIED WITH THIS RESPONSE, CONSIDERING THAT VARIOUS CIRCUIT'S ARE IN COMPLIANCE WITH THE RULING OF WHITE VS SCIBANA, DOCKET NO. 03-C-581-C ( W.D. WISCONSIN ) ( CRAbb,J. ), WITH RESPECT TO THE CORRECT AND PROPER INTERPRETATION OF THE STATUTE 18 U.S.C. ( 3624 ) (B).

9-22-04
DATE    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C—RECEIPT**    CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
USP LVN    BP-231(13)
APRIL 1982

Administrative Remedy   No. 345539-A1

**Part B - Response**

You contend the Bureau of Prisons has incorrectly calculated the amount of Good Conduct Time you may earn during your term of imprisonment.

You are serving an aggregated sentence of 20 years for offenses committed on March 29, 1991. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following. "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with . . . institutional regulations . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated . . ." The interpretation of § 3624(b) by the Bureau is contained in 28 CFR § 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year." The method of calculation is set forth in Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year. As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year. Good conduct time is awarded proportionally based on actual time served in the last partial year. The Bureau has reasonably interpreted this statute to require properly awarded good conduct time to be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of the prisoner's term of imprisonment. The institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time.

Your appeal is denied.

_November 18, 2001_
Date

_Harrell Watts_, Administrator
National Inmate Appeals