UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY FIORE,                )
        Petitioner,       )
                              )
    v.                        )   C.A. No. 04-12707-DPW
                              )
DAVID L. WINN,                )
        Respondent.       )

**MEMORANDUM AND ORDER**

    Petitioner challenges the current BOP policy and regulations for computing good time credit by asserting that the BOP wrongly interprets and calculates his Good Conduct Time (GCT) under 18 U.S.C. §3624(b), by equating the term "time actually served" for "term of imprisonment," thereby depriving him of the chance to earn a maximum of 54 days good time credit for each of the years he has been sentenced to serve.  Petitioner's position is rejected, in light of <u>Perez-Olivo v. Chavez</u>, 2005 WL 31913 (1st Cir. Jan. 7, 2005), a case binding upon me, finding that the Bureau of Prison's interpretation and method of calculating GCT is reasonable under §3624(b)[1].

    Accordingly, the Petitioner's request for Writ of Mandamus pursuant to 28 U.S.C. §1361 and Petition for Writ of

---

[1] In this connection I note also that the case from another Circuit relied upon by the Petitioner has been reversed. <u>White v. Scibana</u>, 314 F. Supp.2d 834 (W.D.Wis. 2004), *motion for stay pending appeal denied by* <u>White v. Scibana</u>, 321 F. Supp. 2d 1037,(W.D.Wis. 2004)*Order reversed by* <u>White v. Scibana</u>, 390 F.3d 997 (7th Cir. Dec. 2, 2004).

Habeas Corpus pursuant to 28 U.S.C. §2241 is denied and this case shall be Dismissed.

                                            /s/Douglas P. Woodlock
                                            DOUGLAS P. WOODLOCK
                                            UNITED STATES DISTRICT JUDGE

DATED: January 10, 2005